<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| SAMUEL, *et al.* : | | |
|    Plaintiffs, : | Civ. No. 03-4432 (GEB) | |
| : | | |
| v. : | **MEMORANDUM OPINION** | |
| : | | |
| CABLE WIRELESS PLC, *et al.* : | | |
|    Defendants. : | | |

<u>**BROWN, District Judge**</u>

This matter comes before the Court upon Plaintiffs' Motion for Reconsideration of this Court's Memorandum Opinion and Order of November 29, 2004 that dismissed Plaintiffs' Second Amended Complaint. The Court decided the motion based on the parties' submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiffs' Reply brief is stricken from the record and Plaintiffs' motion is denied.

<u>**DISCUSSION**</u>

Plaintiffs Greg Samuel and Lawrence Zarcone (collectively referred to as "Plaintiffs") filed suit against Defendants Cable and Wireless PLC ("CWPLC"), Cable & Wireless USA, Inc., Tarquin Bellinger, Doug Loewe, and Paresh Modi on September 19, 2003. On July 30, 2004, Plaintiffs filed a Second Amended Complaint. Plaintiffs alleged that they were owed commissions in the amount of $969,596 for obtaining a renewal contract. On August 20, 2004, CWPLC moved to dismiss the Second Amended Complaint. On November 29, 2004, this Court granted CWPLC's motion and the Second Amended Complaint was dismissed in its entirety. On January 11, 2005, Plaintiffs moved

for reargument pursuant to Local Civil Rule 7.1(g).[1]

The standard for reconsideration is high and reconsideration is to be granted only sparingly. *United States v. Jones,* 158 F.R.D. 309, 314 (D.N.J. 1994). In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.[2] L. Civ. R. 7.1(i). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); *see also* L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) (citation omitted).

Reconsideration is not available for a party seeking merely to reargue matters already addressed by the Court. *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). A motion that merely raises disagreement with the Court's initial decision is not an appropriate reconsideration motion, but should be dealt with in the normal appellate process. *Bowers*, 130 F. Supp. 2d at 612

---

[1] On December 7, 2004, Plaintiffs faxed a letter to this Court requesting a thirty day extension to file: 1) a motion for reargument pursuant to Local Rule 7.1(g); and 2) a notice of appeal. This Court granted Plaintiffs' request as to the motion for reargument, but denied the request with regard to the notice of appeal.

[2] On February 24, 2005, Local Civil Rule 7.1(g), which governed motions for reargument, was repealed. Now Local Civil Rule 7.1(i) governs motions for reconsideration. Despite the rule's reassignment to a different subsection of Rule 7.1, it remains substantively the same and is decided under the same stringent standard.

(citations omitted); *see also Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 163 (D.N.J. 1988). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

In the instant matter, Plaintiffs have not presented changes in the controlling law, nor have they presented new evidence that would alter this Court's prior ruling. With regard to the fraud claims, Plaintiffs argue that the Court "overlooked" both facts and the law in concluding that Defendants were not under an obligation to disclose their financial status to Plaintiffs. However, Plaintiffs' arguments merely illustrate their disagreement with the Court's analysis and conclusion. Plaintiffs raise arguments that were made in the underlying motion to dismiss, and cite case law, not previously cited, to further buttress their arguments. This is improper on a motion for reconsideration. Accordingly, the Court will not alter its initial conclusion that the facts, as alleged in the Complaint, cannot sustain Plaintiffs' fraud claims.

Plaintiffs further assert that the Court erred in concluding that Plaintiffs abandoned their contract claim. Plaintiffs argue that the Court "overlooked" facts alleged in the Second Amended Complaint, and that the contract did not provide for retroactive modification.[3] First, the Court notes that dismissal of Plaintiffs' contract claim was based in part on a statement made by Plaintiffs that essentially repudiated the contract claim. This Court also concluded that the contract claim should

---

[3] Plaintiffs also disagree with the Court's conclusion that the provisions of the Sales Incentive Scheme upon which CWPLC relies are identical to Plaintiffs' version. Because Plaintiffs fail to identify errors in fact or law to substantiate why this is so, Plaintiffs' argument is rejected.

be dismissed because the facts, as alleged, failed to demonstrate that a breach actually occurred.[4] Thus, the arguments raised in Plaintiffs' motion for reconsideration again fail to meet the high standard for a motion for reconsideration. Rather than describe clear errors in fact or in law, Plaintiffs express disagreement with this Court's conclusion. Accordingly, Plaintiffs' arguments are rejected.

As to the remaining claims of the Second Amended Complaint, Plaintiffs argue that Counsel for CWPLC did not have standing to seek dismissal of these claims as to the individual defendants who were not yet served as of the filing of the motion to dismiss. However, the Court dismissed the claims because Plaintiffs failed to state cognizable claims in their Second Amended Complaint. Accordingly, dismissal of the claims against the individual defendants will stand.[5]

With regard to Defendants' Reply brief, "reply and further briefs are not permitted without permission." *See* L. CIV. R. 7.1, Cmt. 6(c) (Gann 2005); *see also Chiniewicz v. Henderson*, 202 F. Supp. 2d 332, 334 n.2 (D.N.J. 2002) ("Defendant's reply brief is an improper attempt to get a third bite of the proverbial apple."). Given that Defendants filed their Reply brief without first seeking permission from this Court, Defendants' Reply is stricken from the record.[6]

---

[4] As the Court noted in its Opinion, despite Plaintiffs' failure to adequately address this issue in their opposition brief, Plaintiffs were permitted to respond to this issue at oral argument.

[5] Plaintiffs assert that these claims should be dismissed without prejudice. The Court notes, however, that the Memorandum Opinion and Order of November 29, 2004 did not indicate that the claims against individual defendants were dismissed with prejudice.

[6] Because this Court concludes that Plaintiffs' motion fails on this basis, the Court need not address Defendant's jurisdictional argument.

## **CONCLUSION**

In sum, Plaintiffs raise arguments that could have, and should have, been raised in the initial motion to dismiss. This fails to satisfy the stringent standard on a motion for reconsideration. Consequently, Plaintiffs' motion is denied.

Dated: May 25, 2005

                                                 s/ Garrett E. Brown, Jr.
                                                GARRETT E. BROWN, JR., U.S.D.J.